**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

JUAN TRUJILLO MARTINEZ,[1]

Petitioner,

v.

TODD BLANCHE, *et al.*,

Respondents.

Case No. 2:26-cv-01555-RFB-NJK

**ORDER**

Petitioner Juan Trujillo Martinez, an immigration detainee, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1-1). He challenges the lawfulness of his ongoing detention at Nevada Southern Detention Center in the custody of Immigration and Customs Enforcement ("ICE"). He asserts he is a member of the certified class in Jacobo Ramirez v. Noem,[2] --- F.Supp.3d ---, No. 2:25-CV-02136-RFB-MDC, 2026 WL 310090 (D. Nev. Feb. 5, 2026) ("Class Member"). Therefore, he may be entitled to relief pursuant to the Court's grant of partial summary judgment to Class Members. See Jacobo Ramirez v. Mullin, No. 2:25-cv-02136-RFB-MDC, 2026 WL 879799 (D. Nev. Mar. 30, 2026).

**I.      FILING FEE**

The Court **DEFERS** consideration of Petitioner's filing fee until Petitioner has an opportunity to satisfy it with the assistance of counsel. Cf. 28 U.S.C. § 1914(a) (requiring petitioners for writs of habeas corpus to pay a $5 filing fee); cf. also Part II (appointing counsel).

---

[1] Petitioner's name is incorrectly spelled in the case name and on the docket. The Court will order that the error be corrected.

[2] Kristi Noem has since been substituted for Respondent Markwayne Mullin, the current Secretary of the Department of Homeland Security, pursuant to the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 25(d).

To that end, **IT IS HEREBY ORDERED** Petitioner must either pay the filing fee or submit an application to proceed *in forma pauperis* ("IFP Application"), by **June 3, 2026**. Cf. 28 U.S.C. § 1915(a) (enabling petitioners in civil detention to seek leave to proceed *in forma pauperis*). The Clerk of Court is kindly instructed to **ATTACH** a copy of the Court's standard IFP Application to this Order.

## II.   APPOINTMENT OF COUNSEL

By statute, this Court has the discretion to appoint counsel for indigent habeas corpus petitioners when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2); see also Hill v. Lizarraga, 731 Fed.Appx. 686, 687 n.2 (9th Cir. 2018); Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986) (quoting 18 U.S.C. § 3006A). That standard is satisfied here, as this case necessarily implicates a complex web of detention authority developed specifically for noncitizens. See Torres v. Barr, 976 F.3d 918, 924 (9th Cir. 2020) (describing the Immigration and Nationality Act as: a "morass;" a "Gordian know;" and "King Minos's labyrinth in ancient Crete") (citations omitted).

Therefore, **IT IS HEREBY ORDERED** the Federal Public Defender for the United States District of Nevada ("FPD") is **APPOINTED** to represent Petitioner. The Clerk of Court is kindly instructed to **ADD** the FPD to the docket as an "Attorney to be Noticed" using the following email address: ecf_nvchu@fd.org. The Clerk is further instructed to **SEND** a copy of this Order to the FPD and CJA Coordinator for this division. **IT IS FURTHER ORDERED** the FPD must **FILE** a notice of appearance, or **ADVISE** the Court that it cannot represent Petitioner, by **May 26, 2026**. Appointed counsel will represent Petitioner in all federal proceedings related to this matter, including any appeals or *certiorari* proceedings, unless appointed counsel is allowed to withdraw.

## III.   DOCUMENT PRODUCTION

This Court has the express authority to "use[,] or authorize the use[,] of suitable discovery procedures" to dispose of a viable habeas petition "as law and justice require." Harris v. Nelson, 394 U.S. 286, 290 (1969) (quoting 28 U.S.C. § 2243); cf. also Rule 6(b), Rules Governing Section

2254 Cases in the United States District Courts (empowering a court to authorize discovery in habeas corpus proceedings for "good cause"); id. at Rule 1(b) (enabling a court to apply these rules to petitions brought under 28 U.S.C. § 2241). Indeed, it is "the inescapable obligation of the courts" to vindicate their "habeas corpus jurisdiction" by fashioning "methods for securing facts where necessary." Harris, 394 U.S. at 299. In short, "the power of inquiry on federal habeas corpus is plenary." Id. at 292 (citing Townsend v. Sain, 372 U.S. 293, 321 (1963)). Here, the Court finds that Petitioner has established a *prima facie* case for class relief. But, since Petitioner is presently detained, he lacks the ability to adequately develop his claims in the absence of records that are in Federal Respondents' custody and control. Cf. id. at 291 ("And this Court has emphasized . . . the fact that the petitioner, being in custody, is usually handicapped in developing the evidence needed to support in necessary detail the facts alleged in [their] petition[.]"). Thus, the Court concludes limited discovery is necessary to properly dispose of this matter.

Therefore, **IT IS HEREBY ORDERED** Federal Respondents must **PRODUCE** the following records, which are relevant to the lawfulness of Petitioner's detention: (1) I-200 Warrant for Arrest of Alien; (2) Form I-286 Initial Custody Determination; (3) Form I-862 Notice to Appear; (4) Form I-213 Record of Deportable or Inadmissible Alien; (5) all immigration court orders in Petitioner's removal proceedings or custody redetermination proceedings; (6) documents reflecting any appeal of any immigration court orders by the Department of Homeland Security or Petitioner; (7) transcripts and/or audio recordings of any custody redetermination proceedings. Specifically, Federal Respondents must **PRODUCE** these materials to Petitioner's Counsel by **May 27, 2026**. Alternatively, by that same date, Respondents must **CERTIFY** that, after a diligent search, they have determined that the record(s) are not in their possession, custody, or control.

## IV.   BRIEFING

**IT IS HEREBY ORDERED** the following parameters will govern in this case. See Rule 4, Rules Governing Section 2254 Cases in the United States District Courts ("[T]he judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."):

**A. Schedule**

    i. **Notice Regarding Class Membership**: On or before **May 28, 2026**, Federal Respondents must file a notice which indicates whether they contend Petitioner is, or is not, a Jacobo-Ramirez Class Member. See Jacobo Ramirez v. Mullin, No. 2:25-cv-02136-RFB-MDC, 2026 WL 879799, at *33 (D. Nev. Mar. 30, 2026) ("'Class Members' are: All noncitizens in the U.S. without lawful status (1) who are or will be arrested or detained by ICE; (2) who are or will be in removal proceedings before an Immigration Court within the District of Nevada; (3) whom DHS alleges or will allege to have entered the United States without inspection or parole; (4) who are not or will not be subject to detention under 8 U.S.C. §§ 1226(c), 1225(b)(1), or 1231 at the time they are scheduled for or request a bond hearing; and (5) whose most recent arrest by ICE occurred inside the United States and not while arriving in the United States."). Federal Respondents shall file the following documents with the Notice: (1) Form I-862 Notice to Appear and (2) Form I-213 Record of Deportable or Inadmissible Alien.

    ii. **Amended Petition**: On or before **June 3, 2026**, Petitioner must file an amended petition for a writ of habeas corpus *unless* the FPD declines to represent Petitioner. Upon reviewing the amended petition, the Court will issue an order to show cause, set a briefing schedule, or dismiss the petition as meritless. See 28 U.S.C. § 2243.

**B. Filings**

    i. Local Rules 7-2, 7-3, and 7-4 will govern the requirements and scheduling of all other motions filed by either party.

    ii. The Parties shall file all documents and exhibits in accordance with Local Rules LR IA 10-1 through 10-5.

    iii. The Parties must meet and confer regarding any requests for an extension of deadlines and stipulate to the extension if possible. Any motion for an extension must certify efforts made to meet and confer and indicate the opposing party's

position regarding the extension. Any motion, or stipulation, must comply with Federal Rule of Civil Procedure 6(b) and Local Rules IA 6-1, 6-2.

iv.    The Parties must refrain from including—or must partially redact, where inclusion is necessary—personal-data identifiers from all documents filed with the Court, unless the Court orders otherwise. See LR IC 6-1; see also Fed. R. Civ. P. 5.2.

## V.    PRESERVATION OF JURISDICTION

To preserve the Court's jurisdiction pending a ruling on the Petition, **IT IS HEREBY ORDERED** that Respondents shall not remove Petitioner from the United States District of Nevada, absent leave of Court. This Court has "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction." F.T.C. v. Dean Foods Co., 384 U.S. 597, 608 (1966); Al Otro Lado v. Wolf, 952 F.3d 999, 1007 n.6 (9th Cir. 2020) ("Having concluded that [agency action] would interfere with the court's jurisdiction . . . , the district court properly issued an injunction under the All Writs Act.") (citing 28 U.S.C. § 1651(a)). Such an injunction is appropriate here. The Supreme Court of the United States has repeatedly held that only one district has jurisdiction over a "core habeas petition:" "the district of confinement." Trump v. J.G.G., 604 U.S. 670, 672 (2025) (citing Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004)). Therefore, the Court finds Petitioner's removal from this judicial district could interfere with the Court's jurisdiction and ability to expeditiously resolve this case and provide appropriate relief. The Court thus finds this Order is warranted to maintain the *status quo* while the Court adjudicates the Petition.

## VI.    SERVICE

The Clerk of Court is kindly **INSTRUCTED** to:

1. **ADD** the United States Attorney for the District of Nevada to the docket as an Interested Party. Pursuant to the District of Nevada's General Order 2026-03 (Feb 13, 2026), this constitutes service on all federal respondents under Federal Rule of

Civil Procedure 4 and 28 U.S.C. § 2243.

2. **SEND**, through CM/ECF, a copy of the Petition (ECF No. 1-1), and this Order, to Counsel for Respondent John Mattos at ahesman@strucklove.com.

3. **MAIL** a copy of the Petition (ECF No. 1-1), and this Order, pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure to John Mattos at Nevada Southern Detention Center, 2190 E. Mesquite Ave., Pahrump, NV 89060.

4. **CORRECT** the **case name and docket** to reflect the correct spelling of Petitioner's name: Juan Trujillo Martinez.

**DATED:** May 22, 2026.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**